Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile: (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Dorothy Johnson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dorothy Johnson,<br><br>Plaintiff,<br><br>v.<br><br>Life Insurance Company of North America, Southwest Airlines Co., Southwest Airlines Co. Disability Plan,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Dorothy Johnson (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

***Jurisdiction***

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

***Parties***

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Southwest Airlines Co. (hereinafter referred to as the "Company") sponsored, administered and purchased a group long term disability insurance policy which was fully insured by Life Insurance Company of North America (hereinafter referred to as "LINA"). The specific LINA group disability policy is known as Policy No.: FLK 0980125 (hereinafter referred to as the "Policy"). The Company's purpose in sponsoring, administering and purchasing the LINA policy was to provide disability insurance for its employees. Upon information and belief, the LINA policy may have been included in and part of an employee benefit plan, specifically named the Southwest Airlines Co. Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, LINA functioned as the claims administrator of the policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in LINA.

5. Upon information and belief, Plaintiff believes LINA operated under a conflict of interest in evaluating her claim due to the fact that it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

benefits; *to wit*, LINA's conflict existed in that if it found Plaintiff was disabled, it was then liable for payment of her disability benefits.

6. The Company, LINA and the Plan conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

***Venue***

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

***Nature of the Complaint***

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about March 27, 2013 due to serious medical conditions and was unable to work in her designated occupation as a Customer Service Representative. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10. Following her disability, Plaintiff applied for short term disability benefits which were approved and have been exhausted. Plaintiff applied for long term disability benefits under the relevant policy which was administered by LINA, meaning it made the decision with regard to whether Plaintiff was disabled. Upon information and belief, the

relevant LINA policy and definition of disability governing Plaintiff's long term disability claim is as follows:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> - unable to perform the material duties of his or her Regular Occupation; and
> - unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>
> - unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> - unable to earn 60% or more of his or her Indexed Earnings.

11. In support of her claim for long term disability benefits, Plaintiff submitted to LINA, medical records from her treating physicians supporting her disability as defined by the relevant LINA policy.

12. In a letter dated April 15, 2013, LINA notified Plaintiff it was denying her claim for long term disability benefits.

13. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the April 15, 2013 denial of her long term disability claim and in support of her appeal, Plaintiff submitted additional medical, vocational and lay witness evidence demonstrating she met any definition of disability set forth in the relevant LINA policy.

14. In support of her appeal, Plaintiff submitted to LINA a narrative letter dated October 16, 2013 from her current treating board certified neurologist who opined, "It is my opinion given her current employer's productivity expectations and her medical condition that she is unable to work in a full time or even part time position."

15. Plaintiff also submitted to LINA a Functional Capacity Evaluation report dated September 18, 2013 wherein after an extensive evaluation, a qualified physical therapist determined, "…my opinion is [Plaintiff] would not be able to perform *sedentary work* consistently on a regular, full-time or even part-time basis" (original emphasis).

16. Further supporting her appeal, Plaintiff submitted to LINA a vocational report from a certified vocational expert dated November 25, 2013, who after reviewing Plaintiff's medical evidence and interviewing Plaintiff concluded, "...[Plaintiff] is unable to perform the material duties of any occupation..."

17. In addition to the medical records and reports submitted to LINA, Plaintiff submitted two (2) sworn affidavits from her husband and a longtime friend who both confirmed Plaintiff is unable to work in any occupation and that her medical condition has not improved in any way since her date of disability.

18. In a letter dated January 14, 2014, Plaintiff informed LINA she had submitted all evidence she wished to be considered in her appeal and requested LINA render a determination on her claim at its earliest convenience.

19. In a letter dated March 20, 2014, in order to engage LINA in a dialogue so she could perfect any alleged deficiencies in her claim, Plaintiff requested a complete copy of any and all medical records only "paper reviews" from LINA and the opportunity to provide these reviews to her treating physicians for their response prior to LINA rendering a final determination in her claim.

20. Prior to filing this complaint, LINA never shared with Plaintiff or her treating medical professionals the reports authored by the physician reviewer(s) and never engaged Plaintiff or her treating medical professionals in a dialogue so they could either respond to the reviewers' reports and/or perfect Plaintiff's claim. LINA's failure to provide Plaintiff

with the opportunity to respond to the peer reviewers' reports and perfect her claim precluded a full and fair review pursuant to ERISA and is a violation of Ninth Circuit case law.

21. Prior to filing this complaint, Plaintiff had not received a decision on her appeal and with the filing of this complaint has deemed [1] her appeal and claim exhausted pursuant to 29 C.F.R. § 2560.503-1(1); therefore, Plaintiff has a right to bring this civil action.

22. In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

23. In addition to failing to make a timely decision, LINA failed to adequately investigate Plaintiff's case and failed to engage Plaintiff in a dialogue during the appeal of her claim with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim. LINA's failure to investigate the claim and to engage in this dialogue or to

---

[1] "If a Plan fails to follow its prescribed claims procedure, in this instance by deciding the appeal within 90 days, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under § 502(a) of the Act."29 C.F.R. § 2560.503-1(1 )." *See Swanson v. Hearst Corp. Long Term Dis. Plan*, 2009 U.S. App. LEXIS 24055 (5th Cir.).

[2] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

obtain the evidence it believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

24. Plaintiff believes LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to timely render a determination on her claim despite several extensions of time do so and many months of reviewing Plaintiff's evidence; failing to credit Plaintiff's reliable evidence; failing to adequately investigate her claim; failing to have her examined by a medical professional when the policy allowed for an examination; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work; failing to engage Plaintiff in a dialogue so she could submit the necessary evidence to perfect her claim and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

25. Plaintiff further believes the reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles LINA undertook as decision maker and payor of benefits which created an inherent conflict of interest and this conflict may also be the reason the Company and/or Plan retained LINA to insure and administer Plaintiff's disability claim.

26. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of LINA and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced LINA's inability to render a timely, or any decision on her claim.

27. With regard to whether Plaintiff meets the definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo*, because even if the Court concludes the policy confers discretion, the unlawful violations of ERISA committed by LINA as referenced herein are so flagrant they justify *de novo* review.

28. As a direct result of LINA's failure to render a determination on her claim, Plaintiff has been injured and suffered damages in the form of lost disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled. Plaintiff believes other potential employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for her and her family/dependents.

29. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

30. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order requiring Defendants to pay Plaintiff her disability benefits and any other employee benefits she may be entitled to as a result of being found disabled pursuant to the LINA policy, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon;

B. For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

C. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

DATED this 28th day of April, 2014.

SCOTT E. DAVIS. P.C.

By: *<u>/s/ Scott E. Davis</u>*
Scott E. Davis
Attorney for Plaintiff